*In re* PAULINE GRAEFF.

June 14, 1883.

**Insolvency Act of 1881 — Confession of Judgment — Preference.—A**
petition under Laws 1881, *c.* 148, § 2, against an insolvent debtor, on the
ground that he has confessed judgment in favor of one of his creditors,
need not allege that the creditor thereby obtained a preference.

Certain creditors of Pauline Graeff, whose claims exceeded $200,
having made application, upon the grounds stated in the opinion, to
the district court for Olmsted county for the appointment of a re-
ceiver of her property under the provisions of Laws 1881, *c.* 148, an
order was made by *Start*, J., granting such application and appoint-
ing a receiver. Pauline Graeff and William W. Doty, a preferred
creditor, appeal from this order.

*Jones & Gove,* for appellants.

*Chas. C. Willson,* for respondents.

GILFILLAN, C. J. Appeal from an order appointing a receiver in
proceedings against an insolvent debtor under Laws 1881, *c.* 148, §
2. At the time appointed for the hearing of the petition, each of
the defendants (appellants) objected to the petition, and moved to
dismiss it, on the ground, among others, that it does not state facts
sufficient to authorize the appointment of a receiver, or the granting
of any order in the premises. The objection was overruled and mo-
tion denied. The question of the sufficiency of the allegations in the
petition to bring the case within the provisions of section 2 is thus
distinctly raised. The causes set forth in the petition for instituting
the proceedings are—*First,* that the debtor Graeff, October 24, 1882,
confessed a judgment in favor of the other defendant, Doty, and that
she "so made and gave said confession of judgment with intent that
said William W. Doty, one of her said creditors, should thereby ob-
tain a preference over other creditors of hers;" *second,* "that said
Pauline Graeff, being insolvent, did, on August 4, 1882, with intent
to give to said William W. Doty preference, and with a view of giv-
ing a preference to him over other creditors of hers, make and de-

liver to him, with her husband, Aug. Graeff, a conveyance of a large amount of real estate belonging to her," describing it.

The first clause of section 2 of the act provides that any two or more creditors, holding debts not less than $200 in the aggregate, may file a petition for the appointment of a receiver of the debtor's property, "when any debtor, being insolvent, shall confess judgment, or do any act or make any conveyance whereby any one of his creditors shall obtain a preference over any other of his creditors," etc. The court is of opinion that the confession of judgment by an insolvent debtor in favor of one of his creditors justifies the filing of the petition by his other creditors, without reference to whether such creditor did or did not thereby in fact obtain a preference. The statute assumes that the confession is made for the purpose of giving, and that it does give, the creditor a position of advantage over other creditors; a position from which it is the intention that he shall obtain, and from which he probably will obtain, a preference. This construction is supported by a subsequent clause in the section providing that a receiver shall be appointed, if, on the hearing, "it shall appear to the court or judge that the debtor is insolvent, or [and] has been giving or is about to give a preference," etc. The petition in the case was, therefore, sufficient on the first ground. The validity and effect of the assignment previously made by the debtor was not a matter to be determined on the hearing upon the petition, and it need not be considered here.

Order affirmed.